## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**MICHELLE SCHUBERT**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 07-5075**

**MICHAEL CHERTOFF, SECRETARY**                          **SECTION "K"(2)**
**OF THE DEPARTMENT OF HOMELAND**
**SECURITY, UNITED STATES OF AMERICA,**
**R. DAVID PAULISON, DIRECTOR/**
**UNDERSECRETARY FOR THE FEDERAL**
**EMERGENCY MANAGEMENT AGENCY and**
**HARTFORD INSURANCE COMPANY**
**OF THE MIDWEST**

### ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment" filed on behalf of defendant Hartford Fire

Insurance Company (Doc. 12).  Having reviewed the pleadings, memoranda, and relevant law, the Court,

for the reasons assigned, **GRANTS** the motion.

BACKGROUND

Michelle Schubert owned a house at 3326-28 Napoleon Avenue in New Orleans  which sustained

flood damage due to Hurricane Katrina.  On August 29, 2005, Hartford Fire Insurance Company

("Hartford"), a "Write Your Own"("WYO")  insurance provider  under the National Flood Insurance

("NFIP") had in effect a Standard Flood Insurance Policy ("SFIP") on the property.  The policy provided

coverage limits of $250,000 for building damages.

Anthony Pegg, an independent adjuster,  estimated the damages to Ms. Schubert's house to be

$91,059.58.  On March 14, 2006, Hartford  tendered a check for $90,559.58[1] to Ms. Schubert.

---

[1] Mr. Pegg's 's estimate minus the $500.00 deductible under the policy. (Doc. 12,
Exhibits  B-2 and B-3).

Thereafter Ms. Schubert requested an additional payment for structural damage to the property. In support of her claim Ms. Schubert provided Hartford with a structural engineering report from Gilbert Engineering, stating in pertinent part:

> Doors through out the building are difficult to open and close. There is cracking throughout the house which appears to be due to a combination of differential settlement and the high winds. The cracking does not significantly affect the structural integrity of the building, but indicates movement of the framing caused by the differential settlement and the high winds.

(Doc. 12, Exhibit B6). After reviewing the report from Gilbert Engineering, Mr. Pegg recommended that the claim for structural damage be denied because the damage for which Ms. Schubert sought payment resulted from "differential settlement and high winds," causes not covered by the SFIP. However, Mr. Pegg recommended that Hartford make an additional payment of $20,369.30 to Ms. Schubert for damages overlooked in his first estimate and for increases in prices.

In connection with Ms. Schubert's claim for the additional damages, Hartford had Ms. Schubert execute a supplemental proof of loss form for $20,369.30 which Hartford submitted to the Federal Emergency Management Agency ("FEMA") in order to obtain a waiver of the sixty (60) day proof of loss policy provision. On January 16, 2007, a FEMA claim representative granted the requested waiver and stated, in pertinent part, that "[t]his limited waiver is for only the amount of the loss and scope of the damages outlined in this request and otherwise does not waive the proof of loss or any other requirement of the Standard Flood Insurance Policy . . .." (Doc. 12, Exhibit B-12). On January 23, 2007, Hartford denied Ms. Schubert's claim for additional structural damages stating "[a]s previously stated, the Engineer's Report states that the damage to the insured risk is a result of differential movement." (Doc. 12, Exhibit B-14). On January 24, 2007, Hartford issued Ms. Schubert a check for the additional $20,369.30 recommended by Mr. Pegg.

Ms. Schubert appealed the denial of her claim for additional structural damages, and as part of the appellate review, Hartford retained Glenn Grogan of United Technical Consultants, L.L.C. to inspect Ms. Schubert's property. Based on Mr. Grogan's inspection, Michael LeBas, a Professional Civil Engineer licensed in Louisiana, issued a report concluding that "[t]he percentage of damage caused by settlement, hydrostatic pressure, and wind is estimated to be approximately twenty (20), sixty-five (65), and fifteen (15) percent, respectively. (Doc. 12, Exhibit B-16).

After reviewing the LeBas report, Anthony Pegg recommended that Hartford pay Ms. Schubert an additional $40,432.97. Thereafter Ms. Schubert executed a sworn proof of loss for $40,432.97. Hartford forwarded that proof of loss along with a request for a limited waiver of the sixty (60) day period for filing a proof of loss to FEMA. On October 19, 2007, FEMA granted the request for an extension to submit a proof of loss but stated that "[t]his limited waiver is for only the amount of the loss and scope of the damages outlined in this request and otherwise does not waive the proof of loss or any other requirement of the Standard Flood Insurance policy and makes no other comment because of a lack of information." (Doc. 12, Exhibit B-19). After receiving the limited waiver of proof of loss, Hartford issued Ms. Schubert a check for the $40,432.97.

On August 29, 2007, Michelle Schubert, *pro se*, filed suit against Hartford, and others, seeking damages for, among other things "loss of boiler, plaster, plumbing, supervision, permits, fees, depreciation and other items not yet determined, sales taxes and the like . . .." (Doc. 1). Ms. Schubert also seeks penalties and attorney fees under Louisiana law for the alleged bad faith handling of her claim. On March 26, 2009, Ms. Schubert provided Hartford with a copy of an estimate for $13,570.90 from Tri Parish Renovations, Inc. for repairs to base plates on the first floor and plaster on the second and third floor of her home; the estimate is dated June 1, 2008.

Hartford moved for summary judgment on all of plaintiff's claims. Hartford contends that Ms. Schubert's claim for penalties and attorney fees under Louisiana law is preempted by federal law. Hartford also urges that plaintiff is not entitled to the additional damages sought because those damages were not caused by the flooding associated with Hurricane Katrina and because she failed to preserve her claim by meeting the conditions precedent to filing suit. Ms. Schubert did not file an opposition to the motion.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted "if the pleadings, the discovery and disclosure material on file, and any other affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U .S. 574, 587 (1986); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## LAW AND ANALYSIS

The NFIP is a federally supervised and guaranteed insurance program administered by FEMA. Although Hartford is a WYO insurance provider, payments on SFIP claims come ultimately from the federal treasury. *Wright v. Allstate Insurance Company*, 415 F.3d 384, 387-88; *see also Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). Because plaintiff seeks to recover benefits under an insurance policy issued pursuant to a federal program, the provisions of the policy must be strictly construed and enforced. *Gowland v. Aetna*, 143 F.3d at 954.

The NFIP requires a policyholder seeking payment under a flood policy to submit a proof a of loss within sixty (60) days after the loss. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). However, by letter dated August 31, 2005, David I. Maurstad, the Acting Federal Insurance Administrator, expressly modified the proof of loss requirement to require the filing of a proof of loss only when a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim. (Doc. 12, Exhibit B-4). Where the policyholder disagreed with the insurer's adjustment, the policyholder had one year from the date of the loss to file a proof of loss.

The "failure to timely file a [proof of loss] complying with the regulatory requirements is a valid basis for denying an insured's claim. *Wright v. Allstate Insurance Company*, 415 F.3d at 387, *citing Neuser v. Hocker*, 246 F.3d 508, 510 (6th Cir. 2001); *Gowland v. Aetna*, 143 F.3d at 954. To put it another way, "failure to provide a complete sworn proof of loss statement . . . relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Id*, at 954. "The insured may not file a lawsuit against his WYO insurer 'unless [he has] complied with all the requirements of th [SFIP].'" *Eichaker v.*

*Fidelity National Property & Casualty Company*, 2008 WL 2308959 *3 (E.D. La June 3, 2008)(Africk, J), citing 44 C.F.R. pt. 61, app. A(1) art. VII. R. It is well established that SFIP provisions cannot "be altered, varied, or waived other than by the express consent of the [Federal Insurance] Administrator." 44 C.F.R. §61.13(d); *Gowland*, 143 F.3d at 953.

Hartford concedes that Ms. Schubert filed two proof of loss in connection with her claim for damages, but asserts that she has not filed a proof of claim for the damages she now seeks to recover, and that her failure to file a proof of claim for those damages is fatal to her claim. In support of its motion for summary judgment, Hartford submitted the affidavit of Mary Ross Goodnough, a claims examiner for Hartford's SFIPs which states, in pertinent part:

- "The only document provided to Hartford by Plaintiff for the damages she now claims was submitted after she filed suit and some three and one-half years after the date of loss."
- "On January 29, 2009, Hartford obtained through discovery request invoice of Tri Parish in the amount of $13,570 for repairs which Ms. Schubert now seeks payment."

(Doc. 12, Exhibit B).

Plaintiff has not offered any evidence disputing Ms. Goodnough's cited statements. Moreover, it is clear from the two requests for waiver of the 60 Proof of Loss policy provision prepared by Hartford and FEMA's approval of those requests for waiver that the applicable proofs of loss were limited to the specific amounts recommended for payment by Mr. Pegg, and did not include the amounts sought in this suit.

Plaintiff has failed to submit evidence establishing a genuine issue of material fact concerning whether she filed a proof of loss for the damages sought in this suit. Therefore, Hartford is entitled to summary judgment dismissing plaintiff's claim for her alleged uncompensated damages to her property. Given the dismissal of plaintiff's claim for damages to her property, it is unnecessary to analyze Hartford's contention that the damages sought by plaintiff in this suit are not covered by the SFIP.

Hartford also seeks dismissal of plaintiff's state law claim for penalties and attorney fees for the alleged bad faith handling of her claim for property damage. "[S]tate law tort claims arising from claims handling by a WYO are preempted by federal law." *Wright v. Allstate Insurance Company*, 384 F.3d at 390. Therefore, Hartford is also entitled to the dismissal of this claim. Accordingly,

**IT IS ORDERED** that Hartford Fire Insurance Company's motion for summary judgment is **GRANTED**

**IT IS FURTHER ORDERED** that Michelle Schubert's claims against defendant Hartford Fire Insurance Company are hereby **DISMISSED WITH PREJUDICE** at her cost.

New Orleans, Louisiana, this 26th the day of August, 2009.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE